BLAKE (FITZHUGH v.). See Case No. 4,-840.

BLAKE (FULTON v.). See Case No. 5,153.

BLAKE (GOODYEAR v.). See Case No. 5,-560.

## Case No. 1,496.

### BLAKE v. GRAMMER.

[4 Cranch, C. C. 13.] [1]

Circuit Court, District of Columbia. May Term, 1830.

LANDLORD AND TENANT — SALE OF PROPERTY BY LANDLORD—SUBSEQUENT ACTION FOR RENT.

The lessor's title ceased by a sale of the property. The tenant did not attorn nor in any manner acknowledge himself to be tenant to the vendee, but continued to use and occupy the premises for five years after the sale; the vendee not having taken possession, or demanded the rent: Held, that the lessor, the plaintiff, could not recover from her tenant, in an action for use and occupation, the rent for the time he thus continued to use and occupy the premises.

At law. This was an appeal [by Betty H. Blake against G. C. Grammer] from the judgment of a justice of the peace who nonprossed the appellant in an action for $25, for the use and occupation of certain premises for five years, at five dollars a year, under a sealed lease from the plaintiff to the defendant. [Affirmed.]

The facts of the case appeared to be as follows: Mrs. Blake, the appellant, being the executrix of her late husband, Doctor James H. Blake, on the 27th of October, 1819, made a deed of trust to Alexander Kerr, of the lot in question, among others, to secure a debt due to her husband to the Bank of the Metropolis, with power to sell, in default of payment; but, until sale, she was to continue in the enjoyment of the estate. On the 24th of March, 1821, by an agreement under seal she rented to the defendant, G. C. Grammer, a part of one of the lots, upon which he was to put up a fence at his own expense, and use the ground as an entrance, or alley to his own lot; for which he was to pay Mrs. Blake an annual ground-rent of $5, for every year he should occupy that part of the lot; and it was "particularly understood that at any time Mrs. Blake disposes of the lot by sale or otherwise, or in case she wished to build upon it, said Grammer is to clear and relinquish whatever he may have inclosed belonging to said lot, and then the above covenant does not terminate." He continued to pay the rent until the 24th of March, 1824. The property was sold by Mr. Kerr under the deed of trust, on the 7th day of September, 1824.

Long after the sale, but whether before or after the justice's warrant was issued in this cause the witness could not recollect, Mr. Kerr, in conversation with the appellee, told him that the bank was entitled to the rent, to which he made no objection. The bank never demanded the rent, and the appellee never promised to pay it to the bank, and has not paid it, and never attorned to the bank, or in any manner acknowledged himself tenant to the bank.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Wallach, for the defendant, contended that the plaintiff was not entitled to recover the rent which accrued after the sale made by Mr. Kerr under the deed of trust, and cited Parry v. House, 1 Holt, N. P. 492, note, England v. Slade, 4 Term R. 682, and Doe v. Watson, 2 Starkie, 230, Serg. & L. 328 [3 E. C. L. 389].

Mr. Morfit, for the plaintiff, contended that the tenant who has used and occupied the premises under the lessor cannot dispute his title, and cited Balls v. Westwood, 2 Camp. 11; Wilson v. Townshend, 2 Ves. Jr. 696; Doe v. Smythe, 4 Maule & S. 347. The cases cited by Mr. Wallach, are cases of ejectment; this is for use and occupation. The defendant is bound to pay the rent until he is evicted.

CRANCH, Chief Judge. In ejectment the defendant may show that the plaintiff's title has expired, because the plaintiff can only recover by the strength of his own title; and, by bringing the action, has admitted that the possession of the defendant is adverse. In replevin the plaintiff can show that the defendant's title has expired, because he must have a reversionary interest to entitle him to distrain. But in an action for use and occupation the tenant cannot deny the title of his landlord. He has had the use and enjoyment of the property, and cannot deny the validity of the title under which he has had that enjoyment. His possession is the possession of his landlord, and if a stranger brings ejectment, his landlord is to defend the suit, and will be answerable for mesne profits if the stranger should recover.

In the present case Mr. Grammer has enjoyed the use of the property under the possession given him by Mrs. Blake. That possession has not been changed or disturbed. He has continued to hold from year to year, and his term, as I understand it, has not expired. It is true that he covenanted to clear and relinquish the property if, at any time, Mrs. Blake should sell or dispose of the lot, or in case she should wish to build; and that upon his so clearing and relinquishing the lot, the covenant should terminate. But this seems to me to be a covenant for the benefit of Mrs. Blake; and if she does not require him to clear and relinquish the lot, and he still keeps possession, it is not for him to say that the covenant is terminated. The bank might have brought ejectment against Mrs. Blake, and afterwards recovered from her the mesne profits, for which Mr. Grammer would be liable to her, to the extent of the rent reserved. If he refused to attorn to the bank, or if the bank never demanded of him either the rent or the possession, he continued to hold under her.

I am therefore of opinion that she is entitled to recover for the five years' use and occupation for which she has sued. But if not entitled to the whole five years' rent, she is certainly entitled to recover for rent due before the sale which appears to be at least six months; perhaps a year, if he was entitled to six months' notice to quit.

But THE COURT was of opinion that the covenant had terminated with the sale, and that as the contract was under seal, this must be considered as an action of covenant.

CRANCH, Chief Judge. The covenant was not terminated until Mr. Grammer "cleared and relinquished what he had inclosed." For Mrs. Blake was liable for the mesne profits until the bank should get possession, (which, it does not appear that they have yet obtained,) and therefore has a right to look to Mr. Grammer upon his covenant and occupation.

Judgment affirmed, with costs.